United States District Court
Southern District of Texas
**ENTERED**
October 29, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-0279 |
| § | |
| REDA ALBATAINEH, *et al.*, § | |
| Defendants. § | |

# MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 30] filed by Plaintiff Joe Hand Promotions, Inc. ("Joe Hand"). By Order [Doc. # 34] entered October 2, 2015, the Court directed Defendant Reda Albataineh to file any opposition to the Motion by October 26, 2015. Albataineh was cautioned that failure to respond by the deadline could result in the entry of judgment in favor of Plaintiff and against Defendant. Albataineh neither filed a response in opposition to the Motion nor requested an extension of the response deadline.

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d

587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

Plaintiff has presented undisputed evidence that it is an aggrieved party under the Federal Communications Act ("FCA"), 47 U.S.C. § 605, and has elected to seek statutory damages. Plaintiff's uncontroverted evidence establishes that Defendant Albataineh exhibited the July 5, 2014 telecast (including undercard bouts and commentary) of *Ultimate Fighting Championship 175: Weidman v. Machida* (the "Program") without authorization from Plaintiff. Plaintiff's uncontroverted evidence establishes that Albataineh illegally intercepted and exhibited the Program at a commercial establishment known as The Lounge Plaza. Albataineh's actions constitute a willful violation of the FCA undertaken for purposes of financial gain.

Based on the foregoing, Plaintiff has presented evidence that establishes that Albataineh violated § 605 of the FCA. Notwithstanding this Court's Order and warning, Albataineh failed to present any evidence or argument in opposition to Plaintiff's Motion. As a result, there being no genuine issue as to any material fact, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 30] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this 29th day of **October, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE